### HOWARD v. FAIRMONT MACHINERY CO., Inc. et al. (three cases).
### Nos. 306–308.

United States District Court,
E. D. Kentucky, at Pikeville.
Dec. 20, 1951.

J. W. Howard, Prestonsburg, Ky., for plaintiff.

Stoll, Keenon & Park, Lexington, Ky., for Fairmont Machinery Company, Inc., and Clifford Shelborn Ireson.

C. Guthrie Yager, Ashland, Ky., for Merlin Taulbee.

SWINFORD, District Judge.

This is an action for personal injuries brought by the plaintiff, Eva Howard, against Fairmont Machinery Company, Inc., Clifford Shelborn Ireson and Merlin Taulbee, in the Circuit Court of Magoffin County. The defendants Fairmont Machinery Company and Clifford Shelborn Ireson are citizens and residents of West Virginia. The defendant Merlin Taulbee is a citizen and resident of Kentucky. The nonresident defendant Fairmont Machinery Company brought the case to this court on a petition for removal.

The plaintiff and the defendant Taulbee have each filed motions to remand the case to the state court on the ground that the

parties lack the requisite diversity of citizenship since Taulbee is a citizen of Kentucky, the state of the residence and citizenship of the plaintiff.

It is alleged in the petition for removal that the defendant Merlin Taulbee was made a party to the action in the state court, "only as a sham or fraudulent device to prevent a removal of this action" to the United States District Court.

The record reflects the following facts to be considered by the court in ruling on the motion to remand:

The plaintiff's husband, Warnie Howard, was operating his car on a highway in Magoffin County, Kentucky, on August 12, 1950. In the car with him at the time were his wife, the plaintiff in this action, his son, Joe Kellis Howard, and his brother, Girn Howard. At the same time and place, Ireson was operating a truck belonging to the defendant Fairmont Machinery Company, and the defendant Taulbee was driving a taxicab, owned by him. There was a collision of the truck and Warnie Howard's automobile, in which Warnie Howard was killed and the plaintiff and the other two occupants of the Howard car were injured.

The plaintiff, Eva Howard, qualified as Administratrix of the estate of her deceased husband and instituted action for damages for the wrongful death of Warnie Howard in the Magoffin Circuit Court. All three of the defendants here were defendants in that action. At the close of the evidence for the plaintiff and at the close of all the evidence, Taulbee moved the court for a directed verdict in his behalf. The motions were overruled. The jury returned a verdict for the plaintiff against Fairmont Machinery Company and Ireson. It returned a verdict for the defendant Merlin Taulbee.

On this motion to remand a most interesting and unusual series of questions are presented. I do not believe the situation has ever before arisen. No case has been cited by either side which seems to me to be pertinent to the state of case presented.

I will first consider the motion of Taulbee to remand. He has also filed a motion to dismiss on the ground that the judgment in his favor in the state court makes the matters at issue res judicata in so far as his liability is concerned.

 This court is clearly without jurisdiction of Taulbee's case. Being without jurisdiction it cannot pass on his defense of res judicata.

 The defendant Fairmont Machinery Company in its Answer, filed in this case, alleges that, "it admits that the said Taulbee operated his taxi in a careless and negligent manner." From this allegation and on the face of the whole record it appears that Taulbee is an indispensable party to a final determination of the whole case.

From the facts and allegations appearing from the record it cannot be determined that the plaintiff fraudulently made Taulbee a party defendant unless the court concludes that the judgment in his favor in the state court put him out of all future litigation in which his negligence at the time in question might be involved. Both from the facts and as a matter of law it can hardly be said that the plaintiff acted fraudulently in failing to concede that Taulbee is no longer a proper party. Whether the judgment in his favor in the action prosecuted by the plaintiff as administratrix is in law a complete defense to this action is, to say the least, of such legal uncertainty that one could hardly be charged with fraud who differed with counsel for Fairmont on construction and application of the authorities available.

If we may assume, however, that Taulbee could sustain as a matter of law his defense of res judicata, I am of the opinion that the plea could not be made by a joint tortfeasor who is seeking to use it for his own good and to determine his legal status in a subsequent action.

 The doctrine of estoppel by judgment concerns only the parties and their privies. Privity does not mean those who might be affected and whose liability might be fixed by the same set of facts. 30 Am. Jur. 958–959. Taulbee was a joint tortfeasor and liable separately. There is no privity between joint tortfeasors and for that reason the judgment in his favor is neither a bar nor an estoppel that can be claimed by his codefendant for its legal benefit. Bomar v. Keyes, 2 Cir., 162 F.2d 136.

For a comprehensive discussion of the question see an opinion by Mr. Justice Lurton in Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009.

The motions to remand should be sustained.

The reasons set forth in this Memorandum shall apply to the other two companion cases on this docket, Girn Howard v. Fairmont Machinery Company, Inc., et al., No. 307, and Joe Kellis Howard, etc. v. Fairmont Machinery Company, Inc., et al., No. 308.

Orders remanding all three of the cases to the Magoffin Circuit Court are this day entered.