EISSING . CHEMICAL COMPANY, Respondent, *v.* PEOPLE'S NATIONAL BANK OF BROOKLYN, Appellant.

Second Department, April 6, 1923.

Judgments — res judicata — action by corporation against bank to recover money of corporation deposited therein by officer in trustee account and converted by officer with knowledge of bank — prior judgment in action against said officer in his favor to recover same money is bar to this action.

An action by a corporation against a bank to recover from it moneys of the corporation deposited in the bank by an officer of the corporation in a trustee account and withdrawn by said officer and converted to his own use with the knowledge and consent of the bank, is barred by a prior judgment in an action by the corporation against said officer and others wherein it was sought to recover the same money under a complaint containing practically the same allegations as the complaint in this action and in which action the complaint was dismissed on the merits and no appeal taken.

In the prior action it was determined that the officer of the corporation had not converted the funds but that his use thereof was with the full consent of the corporation and all of those interested therein, and that being the case, no recovery could be had in this action which was based on the ground that the bank had permitted the conversion of the corporation's funds.

APPEAL by the defendant, People's National Bank of Brooklyn, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 4th day of January, 1923, as resettled by an order, entered in said clerk's office on the 15th day of January, 1923, denying defendant's motion for an order permitting defendant to amend its answer by pleading as a separate defense the judgment and proceedings in another action, directing plaintiff to reply to said proposed separate defense and staying proceedings until said amended answer and reply thereto should be served.

*Marshall McLean*, for the appellant.

*Bernard C. McKenna*, for the respondent.

JAYCOX, J.:

The substance of the complaint in this action is that the president of the plaintiff, one William F. Eissing, opened a deposit account in his name as trustee with this defendant and thereafter wrongfully and fraudulently deposited therein checks drawn to the order of and the property of the plaintiff corporation and thereafter withdrew the amounts represented by such deposits and converted the same to his own use. The charge against this defendant is that it permitted him so to do. This action was commenced on

**90** EISSING CHEMICAL CO. *v.* PEOPLE'S NAT. BANK OF BROOKLYN.

Second Department, April, 1923. [Vol. 205

the 18th day of April, 1918. The defendant's answer was served on the 17th day of September, 1918. Another action was begun by this same plaintiff about January 23, 1918, and the parties defendant in that action were William F. Eissing & Company, Inc., William F. Eissing Manufacturing Company, Inc., William F. Eissing, Emma K. Eissing, Charles M. Hall and James G. Smith. An answer was interposed therein and the same was brought to trial before the Special Term, April 7, 1919. Among the causes of action in that action was a claim to the effect that the defendant William F. Eissing had deposited checks drawn to the order of and the property of the plaintiff corporation with this defendant; that such deposits were made in an account in his own name as trustee, and that thereafter said Eissing withdrew the amounts represented by such deposits and converted the same to his own use. The amount stated in that complaint was $3,700, the same as in this. The allegations of the two complaints are practically identical.

The trial resulted in a dismissal of the complaint. The court made findings of fact and conclusions of law which are printed in the record. He found that all of the persons interested in the plaintiff were parties to that action; that the plaintiff in this action was a mere shell the control of which was in the real plaintiff, Frank F. Jones, and that he was using the plaintiff in this action as an instrument to further his purposes; that the business done by the plaintiff corporation was usually done with money furnished by and for the individual account of persons interested in said chemical business and said corporation was used as a vehicle by which to conduct said business; that its business was made a part of and confused with the individual transactions of the alleged members thereof and their representatives but with the consent or acquiescence of the so-called members of the plaintiff corporation. The funds of the plaintiff corporation were confused with the funds of the individual alleged members thereof by and with the consent or acquiescence of all the alleged members of plaintiff corporation. All the parties in interest in plaintiff corporation had knowledge of or participated in or acquiesced in or consented to the manner in which the business of plaintiff corporation was conducted and the method of handling its funds. And as conclusions of law the court found that plaintiff is estopped to complain of acts in which all its members acquiesced, participated or consented to, in the conduct of its business. Plaintiff was not entitled to an accounting from the defendants William F. Eissing, Emma K. Eissing, William F. Eissing Company, Inc., and William F. Eissing Manufacturing Company, Inc., and none of the par-

ties interested in the plaintiff was entitled to such accounting from said parties defendant, and directed judgment dismissing the complaint. This judgment was entered accordingly on the 17th day of June, 1919, and it does not appear that any appeal has been taken therefrom and the time to do so has long since expired.

The court, in denying the defendant's motion, wrote the following brief memorandum: " It seems useless to grant leave to serve an amended answer to set up another judgment when that judgment will not be a bar to this action. It was not rendered in an action between the same parties or between parties to whom the parties to this action are privies. The subject matter may be the same. That is not sufficient."

As will be seen by this memorandum, the claim of the defendant here is that the matters which are to be litigated in this action are *res judicata.* Under the complaint in the former action the plaintiff sought to recover from the defendants in that action the same sum of money which it now seeks to recover from this defendant. The basis of its claim in that action was that the defendant William F. Eissing had converted those funds to his own use. The basis of the recovery sought in this action is the claim that this defendant permitted said Eissing to make such conversion. It, therefore, seems apparent that the principal subject of controversy in this action is the question as to whether Eissing was guilty of converting funds belonging to the plaintiff, for if he made no such conversion then the defendant could not have permitted such conduct upon his part. Therefore, it will be necessary for the plaintiff in this action to establish what it has failed to prove in the other action, to wit, that Eissing converted to his own use funds belonging to it. " The rule of *res judicata* does not rest wholly on the narrow ground of a technical estoppel, nor on the presumption that the former judgment was right and just; but on the broad ground of public policy, that requires a limit to litigation, a curb to the litigiousness of the obstinate litigant. Like the Statute of Limitations, it is a rule of rest." (*Sargent & Co. v. New Haven Steamboat Co.,* 65 Conn. 116, 126.) It seems, therefore, that if these facts have been litigated in such a manner that it may be said as to them that the plaintiff has had its day in court and has failed to establish them, then litigation should end as to parties whose liability depends upon those facts, and plaintiff should not have another opportunity of establishing them; or in other words, to have another day in court in the same litigation. The question, therefore, is, was the prior litigation a binding determination so that plaintiff may not again attempt to litigate that

**92** Eissing Chemical Co. *v.* People's Nat. Bank of Brooklyn.

Second Department, April, 1923. · [Vol. 205

same question. A prior judgment may be a bar in an action involving the same issues although the parties are not the same, provided there is identity or privity in interest. In *Portland Gold Mining Co.* v. *Stratton's Independence* (158 Fed. Rep. 63, 68) Judge Van Devanter said: " Thus it is settled by repeated decisions that the general rule that one may not have the benefit of a judgment as an estoppel unless he would have been bound by it had it been the other way is subject to recognized exceptions, one of which is that in actions of tort, such as trespass, if the defendant's responsibility is necessarily dependent upon the culpability of another, who was the immediate actor, and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of that judgment as an estoppel, even though he would not have been bound by it had it been the other way. And we think it could not well be otherwise, for, when the plaintiff has litigated directly with the immediate actor the claim that he was culpable, and, upon the full opportunity thus afforded for its legal investigation, the claim has been adjudged against the plaintiff, there is manifest propriety, and no injustice, in holding that he is thereby concluded from making it the basis of a right of recovery from another who is not otherwise responsible. To such a case the maxim ' *Interest reipublicae ut sit finis litium,*' may well be applied." In his opinion he further said: " One of the earliest cases in which the question arose is *Ferrers* v. *Arden*, 2 Cro. Eliz. 668, which was trespass on the case for the conversion of an ox. The defendant pleaded that in a prior action for the same trespass, prosecuted by the same plaintiffs against other defendants, the latter had justified in his right and were acquitted, and it was held that, if the second action was for the same cause, the defendant's plea was good; for ' although he be a stranger to the record, whereby the plaintiffs were barred, yet he is privy to the trespass, wherefore he well may plead it, and take advantage thereof.' "

In *Emma Silver Mining Co., Ltd.,* v. *Emma Silver Mining Co. of N. Y.* (7 Fed. Rep. 401, 408) Judge Choate had before him the question as to whether in an equitable action to rescind the sale for alleged fraud a judgment of law in favor of the agent who negotiated the sale was available as a bar to the suit and he held that it was and in the course of his opinion said: " He has had his day in court, and it is immaterial whether he has chosen to test his right as against the principal or the agent in the transaction, provided the issue to be tried was identical as against both." The same comment may be made upon this case. Although the defendant in this action was not a party to the other action, it is privy to the alleged conversion

and it may well plead the bar of the previous action and take advantage of it.

In *Spencer* v. *Dearth* (43 Vt. 98, 117) the court stated that a judgment against the plaintiff on the ground of payment in an action against one of several makers of a joint and several note was a bar to actions against the others. In the course of its opinion it said: " In such trial and adjudication upon matter of defense to the whole merits of the plaintiff's claim, such as payment of the note in full, and final judgment is against the plaintiff, such judgment is not on grounds personal to the maker of the note the plaintiff had elected to sue, but it is also in effect on the ground that he has no cause of action against the other makers of the note or either of them. And if such judgment be not held as conclusive evidence against the plaintiff, in a subsequent suit against the other maker or makers of the note where the identical matter adjudicated in the former suit is involved in the latter, it would follow that the payee or indorsee of such note could have as many opportunities to litigate such matter as there were makers of the note." (See, also, *Bigelow* v. *Old Dominion Copper Co.*, 225 U. S. 111, 127; 23 Cyc. 1213; Black Judg. [2d ed.] § 781; *Featherston* v. *N. & C. Turnpike*, 71 Hun, 109.)

The question of William F. Eissing's conversion of the plaintiff's money has been litigated and has been decided adversely to the plaintiff. The defendant's liability here is predicated upon a claim that it permitted Eissing to make such conversion. The plaintiff, therefore, having had its day in court and having failed upon that issue against a party who was a necessary link in its claim against the defendant, the judgment in that action should be conclusive upon that issue. The question is similar in character to that involved in *Pangburn* v. *Buick Motor Co.* (211 N. Y. 228). That was an action against a principal and his servant for personal injuries received in a motor car accident. The jury rendered a verdict exonerating the chauffeur who was driving the car but held the owner of the car, the principal, liable. The court pointed out that in that case there was actually a verdict in favor of both of the defendants and that judgment to that effect might have been entered. That course not having been pursued, the Court of Appeals reversed the judgment in favor of the plaintiff and against the principal and directed a new trial. The same principle applies to this case. The court having found that William F. Eissing was not guilty of wrongdoing so as to create a liability in favor of the plaintiff against him, this defendant cannot be held for acquiescing or assisting in such wrongdoing. The motion should have been granted.

I recommend that the order appealed from be reversed on the law, with ten dollars costs and disbursements, and the motion granted, without costs.

KELLY, P. J., YOUNG and KAPPER, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, without costs.