SAGADAHOC S. S. CORPORATION v. SEABOARD STEVEDORING CORPORATION.

District Court, N. D. California, S. D. March 30, 1928.

No. 19390.

Shipping ⬦⟾84(6)—Stevedore, whose agents' negligence in covering hatch caused longshoreman's injuries, held liable to steamship corporation for amount paid under decree against vessel.

Stevedoring corporation, whose agents' negligence in placing a hatch board, which was too long, in position where it might shift forward and allow one end to drop, and then covering it by cargo, directly resulted in injury to longshoreman, falling into hold when board gave way while unloading cargo, *held* liable to steamship corporation for amount paid by it under decree against its vessel.

Libel by the Sagadahoc Steamship Corporation against the Seaboard Stevedoring Corporation. Decree for libelant.

McCutchen, Olney, Mannon & Greene and Joseph B. McKeon, all of San Francisco, Cal., and Erskine Wood, of Portland, Or., for libelant.

J. Hanson Hoge and Wm. H. Older, both of San Francisco, Cal., for respondent.

KERRIGAN, District Judge. Libelant in this case seeks to recover over against respondent the sum of $15,000, plus certain medical expenses and attorney's fees which it paid as the result of a decree against its vessel Sagadahoc in the District Court in Oregon on account of injuries received during the unloading of the vessel at Portland by a longshoreman, one Freshley. Respondent is the stevedoring corporation which had charge of the unloading and loading of the vessel at San Francisco, the last port of call prior to Portland. It is charged in the libel that the accident on account of which the ship was held liable occurred through respondent's negligence in misplacing a certain hatch cover in San Francisco.

The liability of respondent in the event that such negligence is proved is not contested.

Libelant contends that the agents of respondent, in covering No. 2 hatch, took a hatch board which did not belong in that place and was too long, and placed it so that, while its end rested on the flange of the hatch coaming, its other end did not rest on the flange of the king beam, but projected up over the king beam. The board would then be in a position where it could shift forward with any motion of the ship or cargo, and, if it did so shift, its after end would come off the flange supporting it and it would drop. After the placing of the hatch boards, they were covered by cargo, consisting of sheet steel. In Portland, while unloading the sheet steel so placed, Freshley was injured as he picked up the last piece of sheet steel in the pile over the hatch board in question. As he stepped on this board, it gave way beneath him, and he fell into the hold.

Libelant gave respondent ample notice prior to the trial in Portland that it considered respondent primarily liable, and requested it to defend. It did not see fit to do so, and did not participate in the trial of the case in which the ship was held liable, although counsel attended the trial. Respondent was not interpleaded for jurisdictional reasons.

On this state of facts, proctors for libelant urge that respondent is bound by the decision of the District Court in Oregon in so far as the defective condition of the hatch cover is concerned. In this connection the opinion in that case states:

"In the performance of said work, one of the hatch covers was found to be defective, in that it was of improper size and length."

It is not necessary, however, in my view of the case, to hold respondent liable upon the theory that this statement is a finding binding upon respondent that the hatch covering was defective for the reasons alleged by libelant. The evidence here introduced by libelant establishes to my mind that the hatch covering was in fact negligently replaced by respondent's agents, in that a hatch board which was too long was placed in a position where it might shift forward and allow one end to drop, and then covered by cargo. The accident for which the ship was held liable was the direct result. Respondent is in its turn liable to libelant.

Let a decree be entered for libelant in the sum of $15,956.75, which is the amount expended by libelant in payment of the judgment in the District Court in Oregon, plus the costs and expenses of defending said suit, including attorneys fees, and nurses', doctors' and hospital bills paid for Freshley, the injured man, and let libelant recover costs.