## LUCKENBACK S. S. CO., Inc., v. RUDDY FUMIGANT CO.

No. 13589.

District Court, W. D. Washington, N. D.
June 25, 1935.

Hayden, Merritt, Summers & Bucey, of Seattle, Wash., for libelant.

Caldwell & Lycette, of Seattle, Wash., for respondent.

NETERER, District Judge.

Libelant seeks to recover a sum of money it was required by decree to pay for death of seaman caused by failure to remove deadly poison placed in deceased seaman's quarters while the vessel was fumigated by the respondent under a contract with the libelant to fumigate the vessel and remove all poisonous gases and substances therefrom. Expenses of preparation for and at trial are also sought.

Libelant pleads the contract to fumigate, the death of the seaman caused by the poisonous gases, the decree in admiralty, notice to respondent of suit and demand that it defend, its failure to do so and decree, together with statement of expenses of suit incurred. Exceptions filed are: (1) Not sufficient facts are averred to afford a cause of action; (2) averments do not state an action within the admiralty and maritime jurisdiction.

A cause of action is stated when the judgment or decree is pleaded, the respondent's failure to defend on notice, and opportunity afforded therefor. Washington Gas Light Co. v. District of Columbia, 161 U. S. 316, 16 S. Ct. 564, 40 L. Ed. 712; Burley et al. v. Compagnie De Navigation Francaise, 194 F. 335 (9 C. C. A.); Strathlevan S. S. Co. v. Baulch (C. C. A.) 244 F. 412. Whether recovery may be had, if any, for more than the amount decreed must be determined at trial.

The action is within admiralty. The contract to fumigate the ship while at anchor on navigable water was clearly a maritime contract, and admiralty jurisdiction in this case is not debatable. Hobart v. Drogan, 35 U. S. (10 Pet.) 108, 9 L. Ed. 363; Sideracudi v. Mapes (D. C.) 3 F. 873; Strathleven S. S. Co. v. Baulch (C. C. A.) 244 F. 412, supra; Munson S. S. Line v.

Glasgow Navigation Co. (C. C. A.) 235 F. 64, cert. denied 243 U. S. 643, 37 S. Ct. 405, 61 L. Ed. 944. In the last case judgment over was sought on judgment on facts similar as here and judgment followed, but the question of jurisdiction was not raised. A like situation obtained in Sagadahoc Steamship Co. v. Seaboard Stevedoring Co. (D. C.) 26 F.(2d) 295, affirmed (C. C. A.) 32 F.(2d) 886. In the instant case, recovery is sought for amount paid in satisfaction of the judgment rendered on failure in performance of obligation in a maritime contract. The contract being maritime, the negligence of the contractee being the direct and proximate cause of death is germane to and affects the rights appertaining to navigation. The Eclipse (Rea v. Eclipse), 135 U. S. 599, 10 S. Ct. 873, 34 L. Ed. 269; Home Insurance Co. of New York v. Merchants' Transportation Co. (C. C. A.) 16 F.(2d) 372. Jurisdiction of admiralty courts has long been recognized upon facts as pleaded. Weight must be given to exercise of jurisdiction of admiralty courts and Supreme Court approval, and, with such recognition and adjudication of applicable rules of law, the exceptions are overruled.