In the Matter of the Arbitration between HEINRICH PLESSNER, Respondent, and EUGENIA SILBERFELD, Appellant.— The appeal is from an order granting respondent's motion to confirm an award of arbitrators, and denying appellant's motion to modify or vacate the award. Order unanimously affirmed, with costs. An order is directed to be entered consolidating this proceeding *nunc pro tunc* with the action of *Silberfeld* v. *Plessner* (266 App. Div. 1009). No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ.

MICHAEL KATAPODIS, as Administrator of the Estate of WILLIAM KATAPODIS, Respondent, v. LA SALLE TRUCKING CORPORATION et al., Appellants, et al., Defendants.— Action to recover damages for the death of plaintiff's intestate, who was killed by an automobile truck owned by defendant La Salle Trucking Corporation and operated by one Queeno, to whom the truck had been loaned, during the course of certain excavating work by defendant Ridge Contracting Co., Inc., on the land of defendant Ridgelawn Homes, Inc. The jury rendered a verdict against all of the above described defendants and judgment has been entered thereon. As to defendants La Salle Trucking Corporation and Ridge Contracting Co., Inc., the judgment, insofar as appealed from, is unanimously affirmed, with costs to the respondent. As to defendant Ridgelawn Homes, Inc., the judgment is reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs, on the ground that there was no evidence of negligence on the part of this defendant. The " detail of the work ", negligence in respect of which was the cause of the child's injuries and death, was not inherently dangerous; hence the doctrine in respect of an independent contractor protects defendant Ridgelawn Homes, Inc., from any claim of liability. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur.

OSWALD LARSEN, as Administrator of the Estate of MATHILDA LARSEN, Deceased, Respondent, v. BROOKLYN BUS CORPORATION, Appellant.— Action to recover damages for wrongful death. Order granting defendant's motion for reargument, after denial of its motion to place the case on the Military Suspense Calendar, and on such reargument adhering to the original determination, affirmed, with ten dollars costs and disbursements. The defendant is to have the benefit of the stipulation, made in open court on the motion and on this appeal, that on the trial it may avail itself of the statement it obtained from the witness Sweeney. Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.