In an action for an accounting, plaintiff appeals from the judgment dismissing the complaint and overruling her objection to the accounts filed by respondents. Judgment unanimously affirmed, with costs. The Referee on the evidence could find, as he did, that there was no fraud practiced by either respondent, or concealment by them of any item in which plaintiff was entitled to share with Plessner. The latter’s testimony *877 &s to the payment to her of one half of all the amounts he was entitled to receive could be credited. Plaintiff’s Exhibit 2, which is a letter of Plessner written in October, 1937, discloses that at that time there was an administrator in Paris of the estate of plaintiff’s husband. The letter further shows that there was contention among the heirs of the husband. Under such circumstances, the Referee could accept Plessner’s testimony to the effect that during the period immediately following the death of plaintiff’s husband, Precious Metals Company was the actual coadventurer with the respondent Swiss Bank Corporation and Mocatta and Goldsmid, and that it was entitled to and had received payment of part of the profits. His testimony as to the Roumanian item could also be credited by the Referee. The correspondence of plaintiff, as well as that of Plessner, reveals that before the end of 1938 she had been informed of the proposals to reduce Plessner’s share of profits. His testimony as to the conditional nature of the proposals, so far as they fixed 17% for him for the year 1939, did not have to be rejected by the Referee. He was not obliged to undertake obligations that he believed he could not carry. Plaintiff had no vested right to have made effective an arrangement which the coadventurers considered to be conditional. Moreover, the award of the arbitrators appointed to settle disputes arising under plaintiff’s contract with Plessner, when confirmed by judgment, determined that Plessner was entitled to but 9% of the profits. Plaintiff resisted full confirmation of the report of the arbitrators and contended that Plessner was guilty of perjury before the arbitrators. Her contention was rejected and the award was confirmed, and the confirmation sustained on appeal to this court. (Matter of Plessner [Silberfeld], 267 App. Div. 873; Silberfeld v. Plessner, 266 App. Div. 1009.) Swiss Bank Corporation, as well as Plessner, can assert against the claim of plaintiff for a share of 17% rather than 9%, the judgment confirming the award. {Matter of Shirley Silk Co. [American Silk Mills], 257 App. Div. 375; Matter of Pine St. Realty Co. [Coutroulos], 233 App. Div. 404; Eissing Chemical Co. v. People’s Nat. Bank of Brooklyn, 205 App. Div. 89, affd. 237 N. Y. 532.) Since the plaintiff was not entitled to share in any of the enumerated items which she agreed were all that the Referee had to pass upon, there was no need to state the account, which involved hundreds of items which were not questioned. The Referee properly ruled that the plaintiff was limited to an accounting as to transactions with Plessner as a coadventurer which arose after the death of her husband. Present — Johnston, Acting P. J.. Adel, Sneed, Wenzel and MacCrate, JJ. [See post, p. 902.]