## TAYLOR v. VIRGINIA METAL PRODUCTS CORP.

No. 6565.

United States Court of Appeals, Fourth Circuit.

Argued April 14, 1953.

Decided May 16, 1953.

James H. Michael, Jr., and Robert M. Musselman, Charlottesville, Va. (Michael & Musselman, Charlottesville, Va., on the brief), for appellant and cross-appellee.

Leo C. Fennelly, New York City (Christian, Barton, Parker & Boyd, Richmond, Va., on the brief), for appellee and cross-appellant.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

458

## PER CURIAM.

These are cross appeals in an action instituted to recover damages for libel and slander in which the defendant filed counterclaims seeking recovery from plaintiff on account of alleged misappropriations of money and property. The jury found in favor of the defendant on the charge of libel and slander contained in the complaint. On the counterclaim the finding was also for defendant but the award of damages was only $1. From judgment in accordance with the verdict both parties have appealed.

▆ The slander and libel alleged as the basis of the complaint was a statement made by defendant in a proof of claim filed by defendant with a bonding company charging plaintiff with misappropriation and a like statement made to a union management committee as a reason why wages could not be raised. The counterclaim sued on by defendant asked recovery of the amount of the funds for misappropriation of which it had filed proof of claim. Plaintiff's contention is that the finding of the jury of $1 damages exonerated him of the misappropriation and that he is entitled to judgment in his favor on his complaint for libel and slander with further hearing as to damages or at least a judgment in his favor on the complaint. The contention of the defendant is that it is entitled to have the verdict on the counterclaim set aside and a directed verdict entered for it on the counterclaim for the amount claimed or in the alternative that the verdict on the counterclaim be set aside and a new trial thereof granted, limited to the question of the amount of damages.

We do not think there is merit in either contention. No errors are relied on with respect to the admission or rejection of testimony. Neither side was entitled to direction of a verdict and no exceptions taken to the charge of the court are now material or are relied on. No exception was taken to the instruction that the jury could return a verdict for nominal damages.

We find no inconsistency in the verdict. So far as the jury's finding with respect to libel and slander is concerned, this could well have been based upon the privileged nature of the communications and certainly the finding of nominal damages on the counterclaim did not amount to a finding that the charges against plaintiff were false. The jury may well have thought that defendant had not carried the burden of establishing the amount of damages it had sustained with sufficient certainty to justify the award of anything more than nominal damages. This is sufficient answer, also, to defendant's contention.

▆▆ We have considered whether the verdict on the counterclaim should not have been set aside on account of the inadequacy of the damages awarded, but this was a matter resting in the sound discretion of the trial judge. In view of the fact that there was conflict in the testimony as to all the matters necessary to establish liability on the part of plaintiff as well as to the amount of damages, if any, which defendant was entitled to recover of plaintiff, we cannot say that there was abuse of discretion on the part of the judge in refusing to set aside the verdict which awarded the defendant nominal damages. See Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439; Cf. Virginian Railway Co. v. Armentrout, 4 Cir., 166 F.2d 400, 4 A.L.R.2d 1064; Reisberg v. Walters, 6 Cir., 111 F.2d 595.

Affirmed.