**VIRGINIA METAL PRODUCTS CORPORATION, Appellant,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellee.**

**No. 93, Docket 23113.**

United States Court of Appeals, Second Circuit.

Argued Jan. 5, 1955.

Decided Feb. 14, 1955.

---

6. Bridgeport Hydraulic Company, 22 T.C. 215.

7. Estate of Sanford v. Commissioner, 308 U.S. 39, 52, 60 S.Ct. 51, 84 L.Ed. 20.

**932**

Fennelly, Eagan, Nager & Lage, Morris Gutt, New York City, James L. O'Connor, New York City, for appellant.

Kissam & Halpin, Leo T. Kissam, New York City, for appellee, James H. Halpin, Eric Nightingale, New York City, of counsel.

Before L. HAND, MEDINA and DIMOCK, Circuit Judges.

L. HAND, Circuit Judge.

■ This is an appeal from a judgment, summarily dismissing a complaint upon a policy, insuring the plaintiff against losses through fraudulent or dishonest acts of its employees, which the complaint alleged that the plaintiff had suffered through the conduct of its treasurer, one Taylor. Thereafter Taylor sued the plaintiff for libel and slander in the United States District Court for the Eastern District of Virginia, and in that action the plaintiff pleaded five counterclaims, based upon the same conduct for which the plaintiff was claiming judgment in case at bar. The jury in the Virginia action brought in a verdict for the defendant on Taylor's complaint, and for one dollar damages upon the plaintiff's counterclaims. Judgment was duly entered on this verdict, which the Court of Appeals for the Fourth Circuit affirmed: Taylor v. Virginia Metal Products Corp., 204 F.2d 457. Disregarding, as the parties have, the recovery of one dollar, the appeal turns on whether the judgment on the counterclaim in the Virginia action is otherwise a bar to this action. The record does not disclose where the insurance policy was issued, or where it was to be performed, except as may be inferred from the fact that the defendant is a Connecticut corporation "doing business in this District with an office" in the Borough of Manhattan. It does not follow, of course, either that the policy was delivered in New York, or that the defendant was to perform its obligations (pay any losses) in that state; but the parties have not raised any question as to the applicability of the law of New York, and have, indeed, confined themselves for the most part to a discussion of New York decisions. In what we say we shall therefore assume that New York was the place of performance of the contract; or, if not, that the law of whatever other state was the place of performance, is the same as the law of New York. This we do, because the effect upon this action of the judgment on the counterclaims in the Virginia action is a question of the discharge of the defendant's obligation, and, as such, depends upon the law of the place of performance of the contract.[1]

1. Restatement of Conflict of Laws, § 374.

■ The judgment was an absolute bar to another action by the plaintiff against Taylor and deprived the defendant of any right, as surrogate of the plaintiff, to sue him after it paid the loss. Fidelity insurance is only one form of secondary liability, the primary liability being that of the employee to the insured; and it is the well-settled doctrine in New York,[2] as well as elsewhere, that a party, secondarily liable for the culpable conduct of a third person, after paying the loss may sue that person, as a surrogate of the obligee; and that any act of the obligee that impairs this right discharges the party secondarily liable, at least to the extent of the impairment.[3] Courts have usually explained this result by speaking of it as an exception to the doctrine that a judgment must be available to both parties (must be "mutual"), if it is to be a bar or an estoppel. However, thus to make it an exception by fiat, leaves undisclosed its basis, which can be, and as it seems to us must be, what we have just stated. Moreover, this has the great advantage of avoiding recourse to that vastly treacherous word, "privity." That the relation of indemnitor to indemnitee is within the exception was expressly declared in Bigelow v. Old Dominion Copper Co., supra, 225 U.S. 111, 128, 32 S.Ct. 641, in a passage that has been repeatedly quoted.

It is true that in the case at bar the judgment was not against the plaintiff, the obligee, but in its favor. However, that is immaterial, because it fixed beyond dispute the amount that the plaintiff could recover from Taylor and as effectively barred any further recovery from him by the defendant, as surrogate of the plaintiff as though it had dismissed the claim altogether. Whether, if the judgment had been for a substantial amount, the defendant would have been bound to make good to the plaintiff the amount so found, is another matter, Restatement of Security, § 139 (2); indeed it seems inevitable, since the defendant was not a party to the Virginia action that the defendant should not be concluded; but that has nothing to do with whether the judgment is the limit upon any liability of the defendant in this action.

■ A question still remains, it is true, whether the loss of the defendant's right to sue Taylor should excuse the defendant, except for what the defendant could have collected from Taylor, had the judgment been against him for the whole loss, or if there had been no judgment. If the plaintiff upon the defendant's motion had raised the issue that Taylor was insolvent, we need not say that this would not have been an issue that would have had to be decided, and that a summary judgment would not have been proper. Whether any impairment whatever of his right of subrogation is a total discharge of the party secondarily liable, or only a discharge pro tanto, is perhaps an open question. For example, there has apparently been relaxation in the case of "compensated surety" of the original doctrine that any extension of the time of the principal's performance will release the surety, regardless of any effect it may have on the right of subrogation. Restatement of Security, § 129(2). Moreover, the Court of Appeals of New York in Hamilton Fire Insurance Co. v. Greger, 246 N.Y. 162, 168, 158 N.E. 60, 62, 55 A.L.R. 921, at least declared obiter that, where the insured had released the party pri-

2. Eissing Chemical Co. v. Peoples Nat. Bank, 205 App.Div. 89, 199 N.Y.S. 342, affirmed 237 N.Y. 532, 143 N.E. 731; Good Health Dairy Products Corp. v. Emery, 275 N.Y. 14, 9 N.E.2d 758, 112 A.L.R. 401; Elder v. New York and Pennsylvania Motor Express, Inc., 284 N. Y. 350, 31 N.E.2d 188, 133 A.L.R. 176.

3. Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 127, 128, 32 S.Ct. 641, 56 L.Ed. 1009; Portland Gold Mining Co. v. Stratton's Independence, 8 Cir., 158 F. 63, 16 L.R.A.,N.S., 677; Kramer v. Morgan, 2 Cir., 85 F. 2d 96; General Chemical Co. v. Standard, etc. Works, Inc., 4 Cir., 101 F.2d 178, 181; Adriaanse v. United States, 2 Cir., 184 F.2d 968; Restatement of Security, § 139(1).

**934**

marily liable, it would acquit the insurer only to the extent of the "loss * * * sustained by that release." In the case at bar we are not faced with what would have been the result, had the plaintiff proved that the defendant could not have collected in full from Taylor, because the plaintiff did not raise the issue upon the motion for summary judgment. True, it did not need to plead it as a reply to the defendant's defence of the judgment on the Virginia counterclaim; and, indeed, the defendant did not itself plead the judgment in its answer, for it was entered after the answer was filed. But, although replies have been abolished, the evidence to support any that the plaintiff may have he is free to adduce in answer to a motion for summary judgment, just as the defendant is free to adduce evidence of his defences.[4]

Judgment affirmed.

**4.** W. E. Hedger Transportation Co. v. Ira S. Bushey & Sons, 2 Cir., 186 F.2d 236; Colonial Airlines Inc., v. Janas, 2 Cir., 202 F.2d 914, 918.